IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARLIE GILMORE, JR. | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2006-B |
| | § | |
| UNNAMED DEFENDANT | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Charlie Gilmore, Jr., an inmate at the Clements Unit of the TDCJ-CID, against unnamed members of the prison medical staff. On November 10, 2008, plaintiff submitted a cryptic three-page letter to the court generally accusing prison officials of retaliation, extortion, and refusing to provide him with adequate medical care. However, the letter did not comply with the requirements of Fed. R. Civ. P. 8(a).[1] Nor did plaintiff pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On November 14, 2008, the court notified plaintiff of these deficiencies and provided him with a form civil rights complaint. Plaintiff was ordered to file the form complaint and either pay the statutory filing fee or file an application to

---

[1] Under the federal rules, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

proceed *in forma pauperis* within 20 days, or his case would be dismissed. *See* Order, 11/14/08. No corrective action was taken by plaintiff in response to that order. Instead, plaintiff wrote the court another letter complaining that unidentified prison employees were trying to cause his death by not giving him enough blood pressure medication and by exposing him and other inmates to M.R.S.A. As part of his letter, plaintiff asked the court to appoint a lawyer to represent him. The court denied plaintiff's request for appointment of counsel, but extended the deadline for him to file a form civil rights complaint and either pay the statutory filing fee or seek leave to proceed *in forma pauperis*. *See* Order, 12/5/08. If he failed to comply with the order by December 24, 2008, plaintiff was told that "this case will be subject to dismissal without further notice." *Id.* Plaintiff wrote the court again on December 17, 2008, reurging his claims of retaliation and denial of medical care. However, he did not file a form complaint, pay the filing fee, or seek leave to proceed *in forma pauperis*. On January 9, 2009, the court gave plaintiff one last opportunity to correct these defects. In its order, the court instructed plaintiff to file a proper complaint and either pay the statutory filing fee or seek leave to proceed *in forma pauperis* within 20 days, or the case would be dismissed for want of prosecution. *See* Order, 1/9/09. To date, plaintiff has failed to comply with any of these orders. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not filed a proper complaint, paid the statutory filing fee, or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Plaintiff was twice notified of these deficiencies and warned that the failure to file a proper complaint and either pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Ray v. Child*, No. 3-08-CV-1708-K, 2009 WL 80359 at *1 (N.D. Tex. Jan. 9, 2009) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with court order requiring him to file complaint in proper form); *Montfort v. State Bar of Texas*, No. 3-08-CV-0514-G, 2008 WL 2389809 at *1 (N.D. Tex. Jun. 11, 2008) (same as to *pro se* litigant who failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE